UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH BIRRANE, on her own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TERRY HARMON, an individual; TOM HARMON, an individual; INTERNATIONAL CLINIC CONSULTANTS LLC, a Hawaii company doing business as UNIVERSAL MEN'S CLINIC and HAWAII MALE MEDICAL CLINIC; WASHINGTON CLINIC CONSULTANTS, LLC, a Washington company doing business as UNIVERSAL MEN'S CLINIC; MJD MEDICAL P.S., INC., a Washington company doing business as UNIVERSAL MEN'S CLINIC; JOHN DOES 1 - 5; and DOE COMPANIES 1 - 5,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES |

## I. INTRODUCTION

1. With the push of a single button, modern computers can transmit text messages to millions of telephones. To advertisers, this is a powerful and irresistible method of mass communication. At very minimal cost, a business can achieve targeted, immediate, and vast promotion of its brand. At the same time, text messages are uniquely personal. Each advertisement directs special importance to itself by causing a telephone to buzz or ring, and the advertisement is placed quite literally into the hands of a consumer.

2. As this case illustrates, consumers are vulnerable to these technologies. With a



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

few keystrokes, defendants uploaded thousands of telephone numbers to a computerized text messaging platform. With a few more clicks, defendants transmitted an advertisement to thousands of cellular telephones. Defendants intruded upon the lives of consumers, approximately 12,000 times, by causing beeping, buzzing, and/or ringing, and a text message to appear on their telephones. Any recipient who stopped what they were doing and reached for their telephone did not find information from family or greetings from a friend, but instead found an advertisement regarding erectile dysfunction.

3. Plaintiff Deborah Birrane ("Representative Plaintiff"), on her own behalf and on behalf of all other similarly situated persons, brings this Complaint for Injunctive Relief and Damages to obtain from defendants all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under law and equity.

## II. JURISDICTION AND VENUE

4. Federal question jurisdiction exists because Plaintiff asserts legal claims under federal law, the Telephone Consumer Protection Act, 47 U.S.C. § 227.

5. Many of the wrongful acts and omissions referenced in this complaint occurred, were initiated, were furthered, or were given assistance in King County and Washington State.

6. Defendants conduct business or harmed consumers in King County and Washington State.

7. Venue is proper in this Court.

## III. PARTIES

8. Plaintiff Deborah Birrane is an individual domiciled and residing in King County, Washington.

9. Defendant Terry Harmon is an entrepreneur who has been involved in at least 16 separate businesses across the United States. One of those businesses is a profit-making company known as "Universal Men's Clinic," which Harmon owns and manages together with Michael Dimitrion, and James Rautio. Considered together, these three business executives have been involved in dozens of for-profit companies in California, Hawaii, Nevada, New York,



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

Oregon, Texas, and Washington.

10. In late 2011 and early 2012, Harmon, Dimitrion, and Rautio formed a business plan to sell services and medication for erectile dysfunction and low testosterone. They set out to form an independently owned branch of "National Male Medical Clinic," which is a highly profitable business formed in 1998 with operations in California, Illinois, Indiana, Tennessee, Texas, and Washington. According to their own marketing materials, Universal Men's Clinic has "developed a pattern of customer care and follow-up that generates a high rate of return patients" and "ever increasing revenue and profit."

11. Entrepreneurs Harmon, Dimitrion, and Rautio formulated an aggressive growth business strategy, which was to quickly establish and market a chain of "Universal Men's Clinic" profit centers. They hired a "Regional Manager," Steve Ponce, who previously had opened and managed "Male Medical Clinics" in San Diego, Las Vegas, and Los Angeles. Ponce was hired to scout new business locations and to help execute business growth and expansion.

12. Defendants opened their first location in April 2012 under the trade name "Hawaii Male Medical Clinic," which subsequently was renamed to "Universal Men's Clinic." In rapid succession, Universal Men's Clinic opened additional locations in Oregon and Washington.

13. The Washington operation was launched in December 2012. During that month: (a) the State of Washington opened a revenue account for Washington Clinic Consultants, LLC, with the trade name "Universal Men's Clinic" (UBI 603258051) and Terry Harmon listed as the governing party; (b) defendants registered Washington Clinic Consultants, LLC, with the Washington Secretary of State, with Terry Harmon and James Rautio listed as the Members/Managers; (c) defendants opened a revenue account with the State of Washington, entitled "MJD Medical P.S., Inc." and the trade name "Universal Men's Clinic" (UBI 603253668); and (d) defendants registered with the Secretary of State MJD Medical P.S., Inc.



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

doing business as Universal Men's Clinic. Each of these entities listed as their business address 1229 Madison Street in Seattle, which is a location of Universal Men's Clinic. They also used the same Hawaii mailing address that has been used for Universal Men's Clinic, Hawaii Male Medical Clinic, and International Clinic Consultants LLC.

14. Published reports indicate that Universal Men's Clinic is targeting additional profit centers in California, Colorado, Maryland, Nevada, Oregon, Virginia, and Washington.

15. Universal Men's Clinic is owned and managed through the business entities named as defendants herein. These include (a) defendant International Clinic Consultants LLC, a company organized and operating under the laws of the State of Hawaii and doing business as Hawaii Male Medical Clinic and Universal Men's Clinic; (b) Washington Clinic Consultants LLC, a company organized under the laws of the State of Washington and doing business as Universal Men's Clinic; and (c) MJD Medical P.S., Inc., a Washington company doing business under the Universal Men's Clinic trade name. Each of these closely held entities is owned and managed, together or separately, by Terry Harmon, Michael Dimitrion, and James Rautio.

16. Defendant Tom Harmon is an individual believed to reside in Arlington, Texas. His ownership and role in Universal Men's Clinic is unknown at the present time. However, evidence indicates that Tom Harmon directly participated in the commission of wrongful acts that are the subject of this complaint.

17. Messrs. Dimitrion and Rautio are not named as defendants herein pending discovery into their knowledge of the text messaging at issue in this case, whether they failed to take efforts to implement appropriate policies or procedures designed to comply with the Telephone Consumer Protection Act ("TCPA"), or whether they authorized or engaged in conduct that violated the TCPA. For these reasons, the case caption above names "DOE"



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

defendants, which may be amended at a later date to include Dimitrion, Rautio, or other individuals or business entities liable to Plaintiff or Plaintiffs.

18. All defendants directly or else through other persons acting on their behalf, conspired to, agreed to, contributed to, assisted with, and/or otherwise caused all of the wrongful acts and omissions that are the subject of this complaint. But for the conduct of the defendants and others acting on their behalf, none of the wrongful acts and injuries alleged herein would have occurred.

## IV. FACTUAL ALLEGATIONS

19. In conjunction with their business strategy of rapid expansion, defendants launched a coordinated and intensive promotional campaign to lure customers to their newly opened profit centers. As part of their marketing blitz, defendants intentionally sent unsolicited and illegal commercial text messages to approximately 12,000 cellular telephones, intending to reach consumers in Hawaii, Washington, and other states. These text messages were sent using an automatic telephone dialing system.

20. After setting up Hawaii Male Medical Clinic, Terry Harmon contracted with MessageMedia, a company that operates an automatic telephone dialing system. Using the MessageMedia platform, a user such as Harmon can upload lists of telephone numbers and then blast mass text messages to those numbers. Terry Harmon signed the contract with MessageMedia as agent for "Hawaii Male Medical Clinic" and set up the account with user name "HawaiiMaleMed003." At all relevant times, the MessageMedia invoices were issued to and paid by "Hawaii Male Medical Clinic," and the account listed Terry Harmon's telephone number as the primary contact.

21. It appears that the idea to send spam text messages was hatched on July 18, 2012. On that date, Tom Harmon called customer service at MessageMedia and asked, "*How can we*



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

*do a mass text*?" In the months that followed, the MessageMedia account for "HawaiiMaleMed003" was used to send thousands of spam text messages promoting Universal Men's Clinic.

22. Before spam text messages were sent from the "HawaiiMaleMed003" account, periodic "test" messages were sent to a telephone number used by Tom Harmon, (817) 797-xxxx. "Tom Harmon" also is named in some of the test messages as an intended recipient. Likewise, periodic test messages were sent to a telephone number used by Terry Harmon, (817) 797-xxxx.

23. The first spam text messages from the "HawaiiMaleMed003" account were sent in February 2013 to promote the opening of defendants' first Washington location. In connection with the opening, defendants unleashed a barrage of coordinated marketing and promotional activities. Terry Harmon led and directed the promotional campaign, assisted by a public relations firm, Becker Communications, and an advertising and marketing consultant, Alan Pollock of True Marketing Adventures. Harmon and others traveled to Washington for presentations, pitches, appearances, and/or interviews with television, radio, print, and electronic media – such as KING TV, KOMO TV, KIRO Radio, KIRO ESPN Radio, KISW, KOMO News Radio, FOX KCPQ, KKNW, West Seattle Herald, Seattle Weekly, Seattle Met, the Stranger, and Seattle Health Magazine. Key to this promotional marketing blitz was the transmission of unsolicited and illegal text messages.

24. On February 18, 2013, "HawaiiMaleMed003" sent one of its test messages to the telephone number used by Terry Harmon. The message stated: "*New clinic for MEN, at SWEDISH MEDICAL on First Hill. Expert Doctors specialize in sexual health and low*



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

*testosterone. www.UniversalClinic.com 206.529.1111*." After this test, spam text messages were then sent to approximately 246 recipients.

25. Defendants sent spam text messages to promote their Hawaii and Washington locations, as follows:

| DATE | APPROXIMATE NUMBER OF MESSAGES SENT | CONTENT OF TEXT MESSAGE |
|---|---|---|
| February 18, 2013 | 246 | New clinic for MEN, at SWEDISH MEDICAL on First Hill. Expert Doctors specialize in sexual health and low testosterone. www.UniversalClinic.com 206.529.1111 |
| February 20, 2013 | 1,400 | Universal Men's Clinic at SWEDISH MEDICAL on First Hill. Expert doctors specialize in Sexual Health and Low Testosterone. www.UniversalClinic.com 808.529.1111 |
| February 26, 2013 | 1,400 | New Clinic for MEN, at SWEDISH MEDICAL on First Hill. Expert Doctors specialize in sexual health and low testosterone. www.UniversalClinic.com 206.529.1111 |
| February 28, 2013 | 1,700 | CALL UNIVERSAL MEN'S CLINIC 808-529-0000 to book your appointment. Local Doctors specialize in male sexual health and low testosterone. www.UniversalClinic.com |
| March 4, 2013[1] | 2,700 | New clinic for MEN. Ala Moana Building-Expert Doctors specializein Men's Low Testosterone and Sexual Health. www.UniversalClinic.com (808) 529.0000 |
| March 6, 2013 | 1,900 | New Clinic for Men at SWEDISH MEDICAL on First Hill. Expert Doctors specialize in low testosterone and sexual health. www.UniversalClinic.com (206) 529-1111 |

[1] On this same day, Terry Harmon called MessageMedia customer service with a technical question. He identified himself as "Hawaii Male Medical Clinic."



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

| DATE | APPROXIMATE NUMBER OF MESSAGES SENT | CONTENT OF TEXT MESSAGE |
|---|---|---|
| March 20, 2013[2] | 2,300 | Medical Solutions for aging men! Doctors Specialize in Low Testosterone and Sexual Health. at SWEDISH MEDICAL on First Hill. UniversalClinic.com 206.529.1111 |

26. As part of their marketing scheme, defendants used a system of electronic transmission devices with the capability to send tens of thousands, if not millions, of text messages to consumers in an automated manner, and thereby sent the unsolicited text messages identified above to numerous consumers throughout the United States, including Plaintiff. Defendants sent far more text messages than humans could manually transmit in an economical manner. The transmission of so many unsolicited text messages burdened and/or injured the telecommunications infrastructure through which all text messages must pass. As a consequence, cellular service providers incurred avoidable costs which negatively impact the price that consumers like Plaintiffs must pay for cellular telephone services.

27. Consumers have no effective means to avoid the receipt of unsolicited text messages. Prior to the transmission of these text messages, none of the consumers to whom these text messages were directed provided defendants with consent to be sent the text messages. Defendants did not obtain clear and unmistakably stated consent from the intended recipients before sending these text messages.

28. Plaintiff did not provide her cellular telephone number to defendants or their agents for the purpose of receiving marketing messages via text message or any other telephonic communication. Nor did she provide authorization or consent to defendants to send her any text message or to store her personal contact information for purposes of marketing male sexual health services. Defendants nevertheless sent Plaintiff one of the spam text messages identified above.

---

[2] On this same day, Terry Harmon called MessageMedia customer service to complain that he was having difficulty uploading a list of telephone numbers.



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

29. By the conduct detailed above, defendants directly and/or through authorized agents caused the unlawful transmission of text messages to the cellular telephone numbers of plaintiff and other similarly situated consumers and otherwise engaged in unlawful marketing and advertising practices.

## V. CLASS ACTION ALLEGATIONS

30. Representative Plaintiff brings this class action on behalf of herself and as a representative of the following class of persons entitled to remedies under the Telephone Consumer Protection Act including, but not limited to, damages:

> All persons in the United States of America who were sent, to their cellular telephone numbers, at least one unsolicited text message by defendants, or someone acting on behalf of a defendant.

31. Plaintiff's class claims satisfy all of the requirements for class action certification pursuant to the Civil Procedure Rules 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

32. Satisfying all requisite numerosity requirements, numerous consumers in the United States are believed to be members of this class. Joinder of so many class members in to a single action is impracticable. In fact, given the number of class members, the only way to deliver substantial justice to all members of the class is by means of a single class action.

33. There are questions of fact and law common to the class, which predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from defendants' conduct include, without limitation, the following:

a. Whether defendants negligently, willfully, and/or knowingly caused violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, when sending unsolicited text messages to Representative Plaintiff and the class?

b. Whether defendants used an automated telephone dialing system ("ATDS") to send text messages to Plaintiffs?

c. What are the statutory damages that the defendants must pay for each of the unsolicited text messages that the defendants caused to be sent to the Plaintiffs?

34. The questions set forth above predominate over any questions affecting only



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

35. Representative Plaintiff's claims are typical of those of the class in that she, just like the other members of the class, was the victim of the unlawful marketing practices referenced in this complaint. The text message which Representative Plaintiff received is typical of the text messages which were transmitted to other members of the class.

36. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted in a general manner to the damage of the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests. Moreover, the individual damages of each of the Plaintiffs are so low that it would be economically impracticable for putative class members to bring their claims individually.

37. A primary factor in Plaintiff's bringing this case is for final injunctive relief which is necessary and appropriate to ensure that Defendant ceases its unlawful and wrongful conduct. A class action is the most efficient means to ensure that Defendant does not injure the class in the future.

38. Representative Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff. Representative Plaintiff is represented by attorneys who have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

39. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

40. If this action is not certified as a class action, then the only way that the court system will not be overburdened by a multiplicity of suits over the subject matter of this complaint is if members of the class cannot or do not pursue an action against Defendant for reasons altogether unrelated to the merits of their claims, *e.g.*, challenges in accessing legal counsel, the mundane realities of surviving in a challenging economy, *et cetera*. Most Plaintiffs can obtain legal representation for their claims only through a class action. The only practical way to ensure that all members of the class are afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon them by defendants is to resolve the subject matter of this complaint through a class action.

## VI. FIRST COUNT
## Violations of the Telephone Consumer Protection Act
## (Representative Plaintiff and the National Class vs. Defendants)

41. Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs as if the same were alleged herein this count.

42. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

43. Negligently, recklessly, willfully, and/or intentionally, Defendant directly and/or vicariously engaged in acts, omissions, and/or other actions that violate the Telephone Consumer Protection Act. Defendants directly and/or vicariously created, designed, deployed, and otherwise used an ATDS which initiated numerous telephone calls to Plaintiffs' cellular telephone numbers. These telephone calls transmitted unsolicited commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

44. Plaintiff and each member of the proposed class are entitled to recover $500 in



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

damages from the defendants for each violation of the Telephone Consumer Protection Act.

45. Additionally, Plaintiffs are entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, and other remedies allowed by the Telephone Consumer Protection Act or else otherwise permitted by law.

46. The defendants should cease their unlawful conduct now and in the future with (a) a judicial declaration which clearly states the illegality of the conduct and (b) an injunction barring defendants from engaging in such illegal conduct in the future.

## VII. PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, and all others similarly situated, demand judgment against defendants and pray this Court do the following:

A. Issue a declaration which makes clear the illegality of defendants' wrongful conduct.

B. Grant a permanent injunction enjoining defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with defendants, from engaging in the unlawful conduct, including without limitation using an automated telephone dialing system to send unsolicited text messages.

C. Order defendants to make Representative Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above in amounts to be determined at trial, but in no event less than $500.00 for each violation of 47 U.S.C. § 227. *et seq.*

D. Order defendants to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful practices.

E. Order defendants to pay Representative Plaintiff and the other class members punitive and/or treble damages to the fullest extent allowed by law, including but not limited to all punitive and/or treble damages for a knowing or willful violation of the Telephone Consumer



HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

Protection Act.

F. Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by law and/or as sounds in tort, contract, or equity.

G. Grant any additional or further relief as provided by law or equity which this Court finds appropriate, equitable, or just.

RESPECTFULLY SUBMITTED: August 1, 2013.

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Tel: (206) 838-2504
Fax: (206) 838-2505

*<u>/s/ Donald W. Heyrich</u>*
Donald W. Heyrich, WSBA #23091
dheyrich@hkm.com

*<u>/s/ Daniel Kalish</u>*
Daniel Kalish, WSBA #35815
dkalish@hkm.com

Attorneys for Plaintiff